**G & W TOWING COMPANY, Libellant,**

**v.**

**The BARGES CB-1, ET AL., Their Tackle, Apparel, etc. and BRC, Inc., Their Owners, and Warfield Towing Service, Inc., Their Charterers or Operators, Respondents.**

**No. GC667.**

United States District Court
N. D. Mississippi,
Greenville Division.
June 30, 1966.

W. G. Beanland, Brunini, Everett, Grantham & Quin, Vicksburg, Miss., for plaintiff.

J. Robertshaw, Greenville, Miss., for defendant.

## MEMORANDUM OPINION

CLAYTON, Chief Judge.

G & W Towing Company filed its action against certain named barges and BRC, Incorporated, as owners of the barges and Warfield Towing Service, In- corporated, as charterers or operators of the barges. The action is in rem against the barges and in personam against the owners and the charterers or operators. It seeks to enforce a maritime lien against the barges under 46 U.S.C. § 971, and it also seeks an in personam judg- ment against the owner and the charter- er. Libellant also filed certain supple- ments to its libel and then the owner and charterer answered the libel and its sup- plements and also filed a cross-libel in rem against the M/V Jamel and in per- sonam against libellant.[1]

Certain towing services were perform- ed by libellant as to the named barges for Warfield Towing Service during the fall of 1965, and the suit originated as an effort to collect the charges for these towing services. Respondents' cross-libel seeks recovery of the value of the barge CB–3 and of its cargo which was sunk on November 26, 1965, in the Ohio River while it was in tow of the M/V Jamel, which was then under charter to G & W Towing Company, and libellant filed ex- ceptions thereto. Exceptions for the owner of M/V Jamel were also filed and all exceptions are before the court on briefs of the parties.

Cross-respondents urge that the excep- tions are well taken, saying that the cross-libel is not germane to the original libel, since it alleges a cause of action for negligent towage of the barge CB–3 which they say is not involved in the original libel and that no claim for tow- age of the CB–3 is made by libellant and that no lien is sought on the CB–3.[2]

■ Consistent with their position, cross-respondents invoke and rely upon the very narrow rule which has been con- sistently applied in admiralty practice as announced in such cases as United States v. Isthmian Steamship Company,[3]

---

1. The usual claims and stipulations were filed following the libel and cross-libel. No discussion with respect thereto is necessary to deal with the issues now here.

2. The CB–3 was sunk, as the parties agree. Nothing in the record now before the court indicates whether it was raised and repaired or not. Thus, it is assumed that no lien could now be sought on that barge by G & W.

3. 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845, (1959).

Solomon v. Bruchhausen [4] and the authorities cited in those cases. It is undoubtedly true that admiralty practice places very strict and narrow limitations upon the bringing of cross-libels and that under Admiralty Rule 50 a claim must arise out of the same contract or cause of action for which the original libel was filed for it to be maintained by cross-libel in the original suit.

However, cross-libellants insist that the claims asserted in the cross-libel arise out of the very contract sued upon and that they are thus germane to the original action within the meaning of Admiralty Rule 50.

▇ Exceptions such as those here before the court in purpose and effect correspond to a special demurrer and a plea in bar at common law under Admiralty Rule 27. Thus the court must look to the pleadings to resolve this controversy.

The pleadings reflect that the libellant entered into an agreement with respondents and cross-libellants for the performance of towage services to the barge CB–3 and other barges to be rendered between 15 October—28 November 1965. The case made by the original libel as supplemented is a suit for charges arising out of these towing services, including charges for towing the very barge CB–3 with a claim therefor being asserted in Schedule A annexed to the Second Supplementary Libel.

▇ The cross-libel asserts a claim for the aforementioned loss of the CB–3 and its cargo on 26 November, 1965, while it was being towed under the very contract in suit on behalf of libellant. This claim is predicated on an allegation of a violation by libellant of specific instructions not to tow this barge in rough water because of the danger of water breaking over the bow and sides and in their answer to the cross-libel the libellants admit violation of their duty in the performance of the agreed towing services in attempting to move the CB–3 through rough water as a direct consequence of

which the CB–3 sank and it and its cargo were lost.

In sum, it clearly appears that the claim presented in the cross-libel is for damages sustained as a consequence of the libellant's failure to perform a part of the very contract on which they filed their original suit.

The authorities relied on by cross-respondents are not applicable to the facts here. See 2 Am.Jur.2d Admiralty § 182 and 2 Benedict Admiralty (6th Ed., 1940), § 329.

The exceptions are not well taken and an order will be entered in accordance herewith.